STATE of Tennessee, Appellant,

v.

James P. NEELEY, Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 9, 1984.

Steven A. Hart, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, for appellant.

Richard E. Hopson, Kingsport, for appellee.

## OPINION

PER CURIAM.

The issue presented on appeal is whether the Court of Criminal Appeals erred in reversing the trial court's denial of defendant's petition for suspension of sentence and probation.

The defendant was indicted for receiving and concealing stolen property having a value of over two hundred dollars. He was permitted to plead guilty to concealing stolen property having a value of less than two hundred dollars, and was sentenced to serve not less than two or more than three years in the penitentiary.

The charge against the defendant arose when a state trooper stopped defendant near Kingsport, Tennessee. Defendant was driving a 1979 Ford F–10 pickup truck, which did not have a VIN number on the door post. On inquiry as to ownership of the truck, the defendant produced a certificate of title to a 1977 Ford F–10 pickup. The trooper then checked the hidden VIN number on the frame of the 1979 Ford F–10 pickup and found that the truck had been reported stolen.

Defendant told the trooper that he had purchased the truck from Carl Light. When this story did not hold up, defendant said he purchased the truck for $1,000.00 from a man he knew only as "Roy," that "Roy" did not give him any evidence or title or even a receipt for the money paid.

It also was brought out in the hearing on the petition for a suspended sentence that after the defendant had acquired possession of the stolen truck, defendant's girl friend purchased a wrecked 1977 Ford F–10 pickup and had it registered in de-

fendant's name. It was the title to this truck that defendant produced when he was stopped by the state trooper.

The trial judge found the testimony of the defendant concerning the manner defendant acquired possession of the stolen truck to be "preposterous" and found "indications of some professionalism in [the manner in which defendant] attempted to obtain a title." The trial judge also stated that he was "not satisfied that [Mr. Neeley] ever told the truth about this." The result was that the trial judge denied defendant's petition for probation.

■ The truthfulness of a defendant, or lack thereof, is a permissible factor for a trial judge to consider in ruling on a petition for suspended sentence. *State v. Poe,* 614 S.W.2d 403, 404 (Tenn.Crim.App.1981).

The Court of Criminal Appeals, with one judge dissenting, found that "the favorable factors in the record appear to outweigh the negative concerns articulated by the trial judge," reversed the judgment and remanded the case with instructions that the sentence be suspended and that Mr. Neeley be placed on probation with conditions to be set forth by the trial judge.

■ This was error. An appellate court is not authorized to weigh evidence or substitute its judgment for that of a trial judge in reviewing an order granting or denying a defendant's petition for a suspended sentence or probation. *See State v. Hollingsworth,* 647 S.W.2d 937 (1983); *State v. Grear,* 568 S.W.2d 285 (Tenn.1978). The decision of a trial judge in ruling on a petition for suspended sentence or probation is binding on the appellate courts, unless the decision is capricious, arbitrary or a palpable abuse of discretion. *State v. Hollingsworth, supra. See also State v. Grear, supra,* wherein it is pointed out that:

[I]n order for the reviewing appellate court to be warranted in finding an abuse of discretion by the trial court in these cases it must demonstrate that the record contains no substantial evidence to support the conclusion of the trial

court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute and decisions of this Court as appropriate for determining suitability for probation. *Id.* at 286.

In the case under consideration there is evidence pro and con on the issue of suspension of sentence and probation. The trial judge elected to deny the petition for the suspension of the sentence and probation. His decision is binding on the appellate courts.

Judgment of the Court of Appeals is reversed and that of the trial court is reinstated and affirmed. The case is remanded to the Criminal Court of Sullivan County. Costs are adjudged against the defendant.