**STATE of Tennessee, Appellee,**

v.

**Shirley BENNETT and Billy Joe Waddell, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 23, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Jerry L. Smith, Deputy Atty. Gen., Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, Ronald L. Davis, Asst. Dist. Atty. Gen., Franklin, for appellee.

Donald P. Harris, Hartzog, Harris & Silva, Franklin, for Shirley Bennett.

Donald S. Caulkins, Franklin, for Billy Joe Waddell.

## OPINION

O'BRIEN, Judge.

Defendants were jointly indicted by the Williamson County Grand Jury on numerous charges of drug possession, petit larceny and forgery. They entered guilty pleas to various of these charges and were sentenced to serve eleven months and twenty-nine days on the drug charges, one (1) year for petit larceny, plus three (3) years and five (5) years on each of two forgery charges, with all sentences to be served concurrently. Applications for suspended sentences were made and, after a hearing, denied, resulting in this appeal.

The trial judge based his decision upon the number of offenses involved, his impression of the lack of candor of the petitioners, and the deterrent effect in the community. The original charges encompassed four drug charges involving two controlled substances, as well as the various charges for petit larceny, forgery, and passing forged instruments, involving the theft and forgery of a number of checks. The larceny and forgery offenses occurred over a three to four month period, and were, apparently, the outgrowth of petitioners' need to satisfy a heavy and serious drug addiction.

It is the insistence of the petitioners here that in considering the factors set forth in T.C.A. § 40–21–104 and *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974) for the granting or denial of probation the trial court should also apply the purposes and sentencing considerations established by the Tennessee Criminal Sentencing Reform Act of 1982.

Part 3 of Chapter 35, Title 40 of the Criminal Sentencing Reform Act of 1982 provides, inter alia, for the application of probation in the imposition of sentences in appropriate cases. T.C.A. § 40–35–402 also provides for appellate review, by defendants, of sentences not imposed in accordance with the Sentencing Act; or where the mitigating and enhancement factors are not properly weighed, or the sentence is excessive under the principles of sentencing set out in T.C.A. § 40–35–103. The legislative intent is clearly expressed in the Act. However, under the case law in this State, appellate review is limited to a determination of whether there is any substantial evidence in the record to support the action of the trial court. *State v. Grear,* 568 S.W.2d 285, 287 (Tenn.1978). Although the trial judge did not articulate fully all of the factors included in the Sentencing Act, the record indicates that those considered by him were appropriate to the case. There is evidence pro and con on the issue of suspension of the sentences. The trial judge elected to deny the petition. His decision is binding on the appellate courts. See *State v. Neeley,* 678 S.W.2d 48, 50 (Tenn.1984).

We affirm the judgment of the trial court.

DWYER and BYERS, JJ., concur.