# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY SESSION, 1997

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9609-CR-00305 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. BROWN, JR. |
| DAVID E. JOHNSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

LARRY E. FITZGERALD
22 N. Second St., Ste. 410
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JOHN W. PIEROTTI
District Attorney General

KEVIN R. RARDINI
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from the sentence imposed on him by the trial court upon the Defendant's plea of guilty to a charge of Class D felony theft. The Defendant was sentenced to the minimum of two years for his crime, with ninety days to be served in confinement and the balance to be served on probation. On appeal, he argues that the trial court erred in denying him full probation. We affirm the judgment of the trial court.

While the record on appeal does not contain a detailed statement of the underlying facts of the offense, it is apparent that the Defendant was involved in the theft of a fairly substantial amount of property from his employer, with whom he had been employed for several years, first as a salesman and then as a store manager. At least one other employee was involved in the theft, and the illegal activity took place over a period of about one and one half years. At the time of the Defendant's arrest, his base salary was approximately forty-eight thousand dollars ($48,000) annually, and he was eligible for bonuses. At the conclusion of the sentencing hearing, the trial court ordered that three months of his sentence be served in confinement. The Defendant argues that he should have received full probation.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the

affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure

of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3)-(4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5).

Because the Defendant was a standard offender convicted of a Class D felony, he was presumed to be a favorable candidate for an alternative sentencing option. The trial judge gave the Defendant the benefit of this presumption, sentencing him to split confinement. Tenn. Code Ann. § 40-35-104(c)(5). The Defendant seeks the more favorable alternative of total probation. Tenn. Code Ann. § 40-35-104(c)(3). As we have stated, the Defendant has the burden of establishing suitability for full probation, even though he is entitled to the statutory presumption of alternative sentencing. See State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). There is no "bright line rule" for determining when a defendant is entitled to full probation. Id. at 456. A trial

-4-

judge is vested with a great deal of discretion on the issue of probation. Factors to be considered are whether probation will serve the ends of justice and the best interest of both the public and the Defendant, the nature and circumstances of the crime, the Defendant's potential for rehabilitation, whether full probation would unduly depreciate the seriousness of the offense, and whether full probation would serve the need to provide an effective deterrent. See Bingham, 910 S.W.2d at 456.

The Defendant was twenty-nine years old and a high school graduate with a good employment record. He was married and the father of two children. His only record of criminal activity was an arrest for assault and battery in 1989, which resulted in a nolle prosequi.

It is clear from reviewing the transcript of the sentencing hearing that the trial judge in large part based his decision of denying full probation on his observation of the Defendant's demeanor and the trial court's determination that the Defendant was untruthful in his testimony and lacked remorse for his offense. It is also apparent that the trial judge based his decision in part upon the credibility that the judge gave to the testimony of a co-defendant. The co-defendant was sentenced at the same time the Defendant was sentenced, although the record on appeal does not contain a transcript of the co-defendant's testimony. The trial judge clearly communicated to the Defendant the judge's observation of the Defendant's credibility when he stated, "You just talked yourself into some jail time." The truthfulness or untruthfulness of a defendant has long been recognized as a permissible factor for a trial judge to consider on the issue of probation. See State v. Neeley, 678 S.W.2d 48, 49 (Tenn. 1984).

A defendant's untruthfulness and lack of remorse are obviously factors to be considered in determining his potential for rehabilitation. The trial court is in a much better position to determine the Defendant's credibility and feelings of remorse than an appellate court can determine from the record.

Trial judges are traditionally vested with broad discretionary powers in sentencing matters. From this record, we cannot conclude that the trial judge erred or abused his discretion in denying this Defendant full probation. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE