# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## DECEMBER 1997 SESSION

FILED

March 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9611-CR-00417 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. W. FRED AXLEY, |
| ROBIN BAKER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Alternative Sentencing) |

**FOR THE APPELLANT:**

**MARVIN G. BALLIN**
**MARK A. MESLER**
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103-2328

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JOHNNY R. McFARLAND**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JERRY L. SMITH,**
**JUDGE**

**OPINION**

The defendant, Robin Baker, appeals from misdemeanor convictions of one (1) count of reckless endangerment and one (1) count of possession of explosive components. He pled guilty and agreed to concurrent terms of six (6) months and a $500 fine for each conviction. The sole issue presented for review is whether the trial court erred in denying the defendant's petition to suspend his sentence. The judgment of the trial court is affirmed.

**I.**

The defendant alleges the trial court erred by refusing to suspend his sentence. He contends that he is presumptively a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102 (6). Further, he contends the trial court failed to make an affirmative showing in the record that it considered all sentencing principles and all relevant facts and circumstances in its denial of alternative sentencing. *See* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

**II.**

When reviewing sentencing issues, including alternative sentencing, this Court conducts a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401 (d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d at 169. If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

A defendant convicted of a misdemeanor is presumed to be a favorable

2

candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-303(b). Though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

**III.**

3

Our review reveals that the trial court did not make a showing on the record of his findings regarding sentencing principles and all relevant facts and circumstances. Therefore, no presumption of correctness is afforded to the sentence of the trial court. The trial court did, however, make two (2) findings on the record.

First, the trial court placed great weight on not depreciating the seriousness of the offense. In order for this criteria to serve as the basis for denying probation, the circumstances of the offense must be "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree and the nature of the offense must outweigh all factors favoring probation." State v. Hartley 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). We have no difficulty finding that the circumstances of the offense in the case sub judice are sufficiently shocking and exaggerated to warrant a denial of probation when weighed against factors favoring probation.

The only evidence favoring probation consisted of evidence that the defendant is being treated for paranoia and his condition has improved since his arrest. Balanced against this is evidence that at his home in a densely populated urban area the defendant stored large quantities of materials used to make explosives. Among the dangerous materials possessed included: nitromethane, a key ingredient for making "C-4" explosive compound; magnesium turnings, a heat inducer for homemade bombs; eight (8) empty hand grenades; "ram set shells," potentially used as detonators for re-arming grenades; an empty antitank weapon and canon fuse. Also found in the defendant's home were instructional books on how to re-arm an antitank weapon, how to make "C-4" and "semtex" explosives, a book on detonators, and various pieces of hate mail.

It is clear from the evidence that these materials are designed to make weapons of terror or at a minimum military style explosives with no purpose other than the killing of human beings or the unlawful destruction of property. Under the circumstances the trial court was warranted in concluding that incarceration was necessary to avoid depreciating the seriousness of the offense.

4

Secondly, the trial court found the defendant's failure to testify truthfully at the first sentencing hearing a factor in denying alternative sentencing. At that hearing the defendant explained he possessed the materials for innocuous uses such as entertainment for his son or fuel additives for his car. Subsequently, he related his possession of these materials to preparing for the possible collapse of the federal government. A defendant's untruthfulness bears on his amenability to rehabilitation, the purpose of probation. United States v. Grayson, 438 U.S. 41, 50, 98 S.Ct. 2610, 2616, 57 L.Ed.2d 582, 590 (1978); State v. Neely, 678 S.W.2d 48, 49 (Tenn. 1984). The defendant's lack of candor with the Court warrants a denial of probation.

## IV.

Regrettably, the trial court did not make the required findings on the record at the defendant's sentencing hearing. However, the trial court did make two (2) findings and we find them persuasive. We acknowledge that the trial court had a better opportunity to judge the credibility of the defendant and gauge his suitability for probation than we do. For these reasons, we will not disturb the trial court's denial of probation.

The judgment of the trial court is affirmed.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**CURWOOD WITT, JUDGE**

5