# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL 1999 SESSION



FILED

June 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9807-CC-00315 |
| | ) | |
| vs. | ) | Williamson County |
| | ) | |
| **ALLEN R. JORDAN,** | ) | Hon.  Donald  P. Harris, Judge |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

**JOHN H. HENDERSON**
District Public Defender

**LARRY DROLSUM**
Assistant Public Defender
P.O. Box 68
Franklin, TN 37065-0068

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General

**DEREK K. SMITH**
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED:_____

AFFIRMED

**JAMES CURWOOD WITT, JR., JUDGE**

# OPINION

The defendant, Allen R. Jordan, appeals from his sentence imposed for especially aggravated robbery,[1] a Class A felony, in the Williamson County Circuit Court. After the defendant pleaded guilty, the trial court imposed a sentence of 24 ½ years in the Tennessee Department of Correction. In this direct appeal, the defendant challenges the length of the sentence imposed. After a review of the record, the briefs of the parties, and the applicable law, we affirm the sentence.

The evidence of the circumstances of the offense was presented at the sentencing hearing. The defendant, the two codefendants in this case, and another individual went to the Cool Springs Galleria Mall in Williamson County on August 31, 1997. As they were driving into the parking lot, one of them noticed the victim's vehicle and pointed it out to the others. According to all the defendants, they did not discuss stealing the victim's car at any time. As the others walked toward the mall, the defendant returned to the car to retrieve a .38 handgun. The defendant ran to the victim's car, pointed the gun at the victim, and told the victim to get out of the car. The victim did not comply with the defendant's command and a struggle ensued. The defendant testified that the victim kicked his arm causing the gun to discharge. The victim testified that the gun was approximately a foot away from his chest when it discharged into his chest area. After shooting the victim, the defendant grabbed the victim, pulling him out of the car. The defendant and one of the codefendants drove away in the victim's car, but as they were leaving the mall, the defendant wrecked the car.

The two codefendants were sentenced at the same sentencing

---

[1] Tenn. Code Ann. § 39-13-403 (1997).

hearing. Codefendant Akins testified when he saw the defendant grab a gun from the car, he went back to the car and retrieved a shotgun. He never pointed the shotgun at the victim, and he was surprised when the defendant shot the victim. He sold the gun used in the shooting to the defendant. He got into the victim's car with the defendant after the victim was shot. Codefendant Grooms owned the car in which they arrived at the mall. As the incident was occurring, he drove away in his car because he "wanted no part of it."

At the time of sentencing, the nineteen-year old defendant had neither completed high school nor obtained a GED. He quit high school and entered a Job Corps program where he received training as an auto body technician and obtained a glass and insulation certification. The defendant had a scarce employment history. The presentence report reveals a juvenile criminal offense, but no adult criminal offenses. However, there were pending charges in Davidson County for theft of property, auto burglary and evading arrest.

The defendant contends that the court erred in denying mitigating factors and in weighing the factors. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record,

this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §40-35-210(a), (b) (1997); Tenn. Code Ann. §40-35-103(5) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the present case, the trial court's sentencing determination is entitled to the presumption of correctness because the record reflects that it considered the relevant sentencing principles. In determining the sentence, the trial court found the defendant was a leader in the commission of this offense because he initiated the assault. See Tenn. Code Ann. § 40-35-114(2) (1997). The trial court found that the defendant caused serious bodily injury to the victim and the amount of damage to the victim's car was particularly great. See Tenn. Code Ann. § 40-35-114(6) (1997). Regarding the defendant's prior criminal history, the trial court found the enhancement factor for a previous history of criminal behavior applied because the defendant admitted drug use and testified that he shot at someone on the interstate two hours prior to shooting the victim. See Tenn. Code Ann. § 40-35-114(1) (1997). The trial court applied enhancement factor (20) because the defendant had a juvenile adjudication for theft of property over $500,

4

which would be a felony if committed by an adult.  See Tenn. Code Ann. § 40-35-114(20) (1997).

Although the defendant does not challenge the enhancement factors, we find that enhancing the defendant's conviction because the victim suffered serious bodily injuries is erroneous.  An essential element of especially aggravated robbery is "[w]here the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-403(a)(2) (1997).  "[P]roof of serious bodily injury will always constitute proof of particularly great injury." State v. Jones, 883 S.W.2d 597, 602 (Tenn. 1994).  This enhancement factor is inapplicable to a conviction for especially aggravated robbery when applied because the victim suffered serious bodily injury. See State v. Gerald Leander Henry, No. 01C01-9505-CR-00161, slip op. at 58 (Tenn. Crim. App., Nashville, Feb. 25, 1999); State v. Mark W. Rawlings, No. 02C01-9612-CR-00475, slip op. at 8 (Tenn. Crim. App., Jackson, Feb. 10, 1998); State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995).  However, this factor is applicable for the property damage suffered by a victim. See State v. George Blake Kelly, No. 01C01-9610-CC-00448, slip. op. at 22-23 (Tenn. Crim. App., Nashville, Oct. 13, 1998). Accordingly, we find enhancement factor (6) applied for the particularly great property damage, but not for the serious bodily injury.

The defendant submitted a Sentencing Memorandum to the trial court which listed several mitigating factors.  The mitigating factors contained in the Sentencing Memorandum are (1) no prior criminal record, (2) show of remorse, (3) good reputation in the community, (4) potential for rehabilitation, (5) assisted authorities by testifying against codefendants, (6) no likelihood of committing another offense, (7) strong possibility of return to normal life, (8) capacity to adjust to law abiding behavior, (9) successful treatment and compliance with terms of probation, (10) acknowledgment of guilt and assumption of responsibility.  The trial

5

court applied one mitigating factor, the defendant lacked substantial judgment in committing the offense because of his youth. See Tenn. Code Ann. § 40-35-113(6) (1997).

The defendant contends that the trial court should not have disregarded three mitigating factors presented by the defendant. The defendant argues the proof supported mitigation for the defendant's show of remorse, potential for rehabilitation, and acknowledgment of guilt and assumption of responsibility. These are important factors which the record reflects the trial judge considered. Once the applicable enhancement and mitigating factors are determined, the trial court possesses the discretion to assess the weight of each factor "so long as the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and its findings are supported by the record." State v. Leggs, 955 S.W.2d 845, 855 (Tenn. Crim. App. 1997); see also Tenn. Code Ann. § 40-35-210, Sentencing Comm'n Comments (1997).

The trial judge stated that the defendant seemed to have rehabilitative value, but he found the defendant was not truthful during the sentencing hearing. A lack of truthfulness is an indication of a defendant's potential for rehabilitation. State v. Neeley, 678 S.W.2d 48, 49 (Tenn. 1984); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); State v. Dowdy, 894 S.W.2d 301, 305-06 (Tenn. Crim. App. 1994). The trial judge is in the best position to assess a defendant's credibility and potential for rehabilitation. A defendant's potential for rehabilitation "should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5) (1997). Finding the defendant to be untruthful, the trial court inherently found the defendant lacked credibility. The defendant's lack of credibility

6

undermines his show of remorse, potential for rehabilitation, and acknowledgment of guilt and assumption of responsibility. We find no error in the trial court's determination that these mitigating factors were inapplicable.

The presumptive sentence for a Class A felony is the midpoint of the range. See Tenn. Code Ann. § 40-35-210(c) (1997). In this case, the midpoint of the range is 20 years. See Tenn. Code Ann. § 40-35-112(1) (1997). Because the trial court found four enhancement factors applied and only one mitigating factor, the defendant's sentence of 24 ½ years was appropriate. Accordingly, we affirm the sentence imposed by the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE