# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 23, 2002 Session

## STATE OF TENNESSEE v. CHARLES EUGENE JONES

**Direct Appeal from the Criminal Court of Sullivan County**
**No. S44,406      Phyllis H. Miller, Judge**

---

**No. E2001-01639-CCA-R3-CD**
**March 12, 2003**

---

The defendant, Charles E. Jones, pled guilty to possession of marijuana with intent to sell or deliver, possession of drug paraphernalia, and unlawful possession of a weapon. For these convictions, the trial court classified the defendant as a Range I standard offender and ordered him to serve an aggregate one year sentence, consisting of concurrent sentences of one year for his possession of marijuana with intent to sell or deliver conviction, eleven months and twenty-nine days for his possession of drug paraphernalia conviction, and thirty days for his unlawful possession of a weapon conviction. The state agreed to suspend the two latter sentences, and the trial court sentenced the defendant to serve four years of probation and one year of incarceration, which was to be suspended after the defendant served ninety days in the county jail. The defendant now appeals his sentence, alleging (1) that the trial court erroneously modified his plea agreement with the state after it had been submitted to the trial court for approval, (2) that the trial court improperly denied his request to serve the entirety of his sentence on probation, and (3) that the trial court improperly weighed and applied various enhancement and mitigating factors. After reviewing the record, we find that none of the defendant's allegations merit relief and therefore affirm the defendant's sentence.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Richard A. Spivey, Kinsport, Tennessee, for appellant, Charles Eugene Jones.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Greeley Wells, District Attorney General; and Lewis Combs, Assistant District Attorney General; for appellee, State of Tennessee.

## OPINION

## Factual Background

A police officer approached the defendant, who was sitting in a Ranger pick-up truck next to a gas station pay phone at approximately 12:30 a.m. After identifying himself, the officer asked the defendant for identification and noticed four baggies of marijuana sitting in the defendant's vehicle in plain sight. The officer subsequently arrested the defendant and performed a search incident to arrest. The search revealed a "roach clip," rolling papers, and a knife with a blade over four inches in length. The defendant pled guilty to the above-referenced charges and received a plea agreement for a one-year sentence for his possession conviction and a suspended sentence for his two other convictions. The manner of service for the defendant's one-year sentence was left to the discretion of the trial court, and the defendant requested probation. The trial court conducted a probation hearing and subsequently granted the defendant a split-confinement sentence, which included four years of probation and one year of incarceration. This period of incarceration was to be suspended after the defendant served ninety days in the county jail. As mentioned supra, the defendant now appeals his sentence, challenging the authority of the court to give him a sentence of split-confinement and alleging that the trial court abused its discretion by applying improper weight to the enhancement and mitigating factors that were applied to his sentence.

## Standard of Review for a Trial Court's Sentence Determination

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). However, this presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is simply de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) (Sentencing Commission Comments). In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) the evidence, if any, received at the trial and the sentencing hearing;
> (2) the presentence report;
> (3) the principles of sentencing and arguments as to sentencing alternatives;
> (4) the nature and characteristics of the criminal conduct involved;
> (5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
> (6) any statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b).

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Id. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation of the defendant unless rebutted by sufficient evidence in the record. Id. at 380. This presumption may be rebutted by evidence demonstrating the defendant's unfitness for probation or alternative sentencing and may include the following sentencing considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). A court may also apply the mitigating and enhancement factors set forth in sections 40-35-113 and 114, as they are relevant to the section 40-35-103 considerations. Id. § 40-35-210(b)(5). Finally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining whether to grant an alternative sentence. Id. § 40-35-103(5).


### Authority of Trial Court to Sentence Defendant to Serve Four Years of Probation

The defendant contends that the trial court improperly sentenced him to serve four years of intensive probation after serving ninety days in the county jail. The defendant argues that this sentence is excessive and exceeded the scope of the his plea agreement in which he agreed to an aggregate one-year sentence for his convictions, but the manner of service for those convictions was reserved to the trial court's discretion. We find that the trial court acted within its purview by ordering the defendant to serve his sentence in this manner. First, the trial court was not required to place the defendant on probation for a period of time equal to or less than the maximum amount period of time to which the defendant had agreed. See Tenn. Code Ann. § 40-35-303(c) (Sentencing Commission Comments) ("There is no requirement that the duration of probation be the same as the length of the sentence imposed."). Moreover, the trial court was required to sentence the defendant to serve a probationary sentence of at least the length of the minimum sentence that he was eligible to receive statutorily and not greater than the maximum sentence that he was eligible to receive statutorily. Id. ("[T]he duration of probation must be the same as the length of the statutory minimum sentence. Further, even though the length of the actual sentence is restricted to that required by the particular range, the judge may fix the length of probation up to the statutory maximum for the class of the offense."). The defendant agreed to serve a one-year sentence for his possession of marijuana with intent to sell or deliver conviction, which is a Class E felony with a one

to six year sentencing range. Id. § 40-35-112(c)(5). Thus, a four-year probationary term falls within this permissible range. Accordingly, we find that the trial court was authorized, per statute, to suspend all but ninety days of the defendant's one-year sentence and subsequent to serving that time, place him on supervised probation for four years.


## Denial of Full Probation

The defendant alleges that the trial court acted improperly by denying his request to be placed on probation for the entirety of his sentence. The defendant argues that he should have received full probation because he is presumed, per statute, to be a suitable candidate for alternative sentencing. However, we find that the trial court acted properly by granting the defendant a sentence of split-confinement.

We first note that the record indicates that, when considering the defendant's request for full probation, the trial court considered the sentencing principles and all relevant facts and circumstances. Accordingly, we will afford the court's findings a presumption of correctness. See Ashby, 823 S.W.2d at 169. Secondly, we note that because the defendant was convicted of a Class E felony and received a one-year sentence for that conviction, he is entitled to the statutory presumption that he is a suitable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6); Byrd, 861 S.W.2d at 379-80. However, although the defendant is presumed to be a suitable candidate for alternative sentencing, he still carries the burden of demonstrating that he is a suitable candidate for full probation. See State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000); State v. Jonathan Thornton, No. E2001-02491-CCA-R3-CD, 2002 WL 31174211, at *5 (Tenn. Crim. App. at Knoxville, Sept. 30, 2002) (clarifying that, unlike situations where the state bears the burden of overcoming the presumption that the defendant is a suitable candidate for alternative sentencing, the defendant bears the burden of proving that he is a suitable candidate for full probation).

While the trial court recognized that the defendant was entitled to a statutory presumption that he was a suitable candidate for probation, the trial court declined to grant full probation and instead sentenced the defendant to serve his term in split-confinement. The trial court based its decision on its finding that the defendant is a poor candidate for rehabilitation because he was untruthful with the court, did not take responsibility for his actions, and demonstrated no comprehension of the severity of his offenses. Because the defendant challenges the trial court's finding as improper, we will examine the validity of each of the bases for the court's finding.

During the defendant's probation hearing, the trial court questioned the defendant, asking him to expound on several aspects of the circumstances surrounding his offense. In response to the trial court's inquiry regarding his reasons for being parked next to a gas station payphone at 12:30 a.m., the defendant stated that he was parked at that location during that time because his leg was hurting and because he had stopped to get something to drink. The trial court found that this explanation was incredible. Lack of truthfulness is probative on the issue of amenability to rehabilitation and is, therefore, an appropriate factor to consider when granting or denying probation. State v. Neely, 678 S.W.2d 48, 49 (Tenn. 1984). Because the defendant's truthfulness is an appropriate alternative

sentencing consideration, we find that this conclusion was an appropriate basis for finding the defendant to be a poor candidate for alternative sentencing.

When reaching this conclusion, the trial court also appears to have considered the defendant's refusal to reveal the name of his drug source. The trial court questioned the defendant directly and specifically asked him to reveal the name of the person who supplied him with the marijuana that the police found in his possession. After initially replying that he received the marijuana from a friend whom he had known for many years, the defendant later refused to reveal the name of his source, claiming once that he did not remember his friend's name and then later clarifying that he did not wish to implicate his friend. The trial court stated that the defendant's failure to respond appropriately indicated the defendant's lack of desire to rehabilitate. The trial court claimed that the requested information was relevant because it would allow the court to include a prohibition against any interaction with this individual as a condition of the defendant's probation.

"It is improper for a trial court to deny alternative sentencing based solely on a defendant's refusal to reveal the names of his sources." See State v. Ricky Keele, No. 02C01-9805-CC-00139, 1999 WL 150871, at *4 (Tenn. Crim. App. at Jackson, Mar. 22, 1999) (recognizing "the possible jeopardy to safety that could result from this disclosure"). "However, a trial court may consider such refusal along with other factors in determining whether alternative sentencing is in the best interest of the defendant and society." Id. In the instant case, we find that the trial court did not rely solely on the defendant's refusal to name his drug source, but that the trial court also considered the defendant's lack of candor with the court. Thus, the trial court did not err by considering the defendant's refusal to name his drug source when finding him a poor candidate for alternative sentencing. See State v. Gene Allan Logue, No. W1999-01795-CCA-R3-CD, 2000 WL 1843248, at *5 (Tenn. Crim. App. at Jackson, Dec. 15, 2000) (citing Ricky Keele and finding that the trial court acted properly when denying alternative sentencing because the trial court considered the defendant's prior criminal record and untruthfulness with the court, as well as his refusal to name his drug sources); State v. Alexander A. Lee, No. W1999-01086-CCA-R3-CD, 2000 WL 705296, at *4 (Tenn. Crim. App. at Jackson, May 26, 2000) (citing Ricky Keele and finding that the trial court acted properly when denying alternative sentencing because the trial court considered "other factors, such as seriousness of the offense and effective deterrent"); State v. Nora McFall, No. W1999-01086-CCA-R3-CD, 2000 WL 705296, at *3 (Tenn. Crim. App. at Jackson, May 26, 2000) (citing Ricky Keele and finding that the trial court did not rely solely on the defendant's refusal to reveal the names of his sources); Ricky Keele, 1999 WL 150871, at *3-*4 (finding that the trial court did not rely solely on the defendant's refusal to reveal the name of his drug source when denying alternative sentencing, but that the trial court also considered the defendant's prior convictions and his honesty with the court). Therefore, the defendant's allegation lacks merit.

### Enhancement and Mitigating Factors

The defendant argues that the trial court inappropriately applied an enhancement factor and failed to apply certain applicable mitigating factors when determining whether to sentence him to serve a portion of his sentence in incarceration. When sentencing the defendant, the trial court applied one enhancement and two mitigating factors to the defendant's case.

Turning first to the challenged application of the enhancement factor, we observe that the trial court applied enhancement factor (1),[1] that the defendant had a previous history of criminal convictions or criminal behavior, to the defendant's sentence. Tenn. Code Ann. § 40-35-114(1). The trial court found the defendant's previous conviction, a 1973 conviction for driving while under the influence, was applicable to enhance his sentence. Furthermore, although the defendant complains that the trial court should not have done so, the court appropriately considered the defendant's long-term marijuana use, over twenty years of use according to the defendant, under this enhancement factor. See, e.g., State v. John Robert Goodale, No. M2000-02140-CCA-R3-CD, 2001 WL 1077965, at *15 (Tenn. Crim. App. at Nashville, Aug. 15, 2001) ("While we share the defendant's concern that [an admission of past marijuana use] in a pre-sentence report, without further proof, can serve as an enhancing factor, it is clear that the defendant's marijuana use does constitute 'criminal behavior.'"). After finding these factors applicable under this enhancement factor, the trial court then concluded that it would afford this factor great weight. According to Tennessee Code Annotated section 40-35-114(1), a trial court may enhance a defendant's sentence by considering his previous convictions and prior criminal behavior. Tenn. Code Ann. § 40-35-114(1). The defendant admits and the record reflects that he has one prior conviction, the DUI mentioned above, and that he told the court that he had used marijuana for over twenty years. Thus, we find that these facts may be considered under this enhancement factor and that the trial court appropriately applied this enhancement factor to the defendant's sentence.

The defendant also challenges the trial court's decision to weigh this enhancement factor heavily. However, the weight applied to each enhancement or mitigating factor is not prescribed by statute, but is left to the sound discretion of the court, provided the court's decision is supported by the record and comports with the sentencing principles. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). We find that the trial court's determination of this factor's applicability and the weight that the court afforded this factor are supported by the trial court's findings on the record, namely that the defendant's prior conviction and long-term marijuana use indicate the defendant's life-long struggle with substance abuse and that the defendant had not demonstrated a willingness to overcome his problem.

Turning next to the mitigating factors applied to the defendant's sentence, the trial court found that mitigating factor (1), that the defendant's conduct neither caused nor threatened to cause serious bodily injury, was applicable to the defendant's sentence, as well as the non-statutory mitigating factor that the defendant received an honorable discharge from the military. See Tenn. Code Ann. § 40-35-113(1), (13). However, the trial court noted that it would afford these mitigating factors little weight, as they were "far" outweighed by the applicable enhancement factors. The defendant challenges this decision, arguing that the trial court failed to afford these two mitigating factors appropriate weight. Again, we note that the weight applied to each mitigating factor is left to the discretion of the trial court, provided that the decision is supported by the record and is in accord with our sentencing principles. See Santiago, 914 S.W.2d at 125. The trial court's decision

---

[1] The 2002 amendment to Tennessee Code Annotated section 40-35-114 added a new enhancement factor (1) and redesignated the previous enhancement factors (1) through (22) as (2) through (23), respectively. See Tenn. Code Ann. § 40-35-114 (Supp. 2002). Because the defendant's probation hearing was held in 2001, we will refer to the section numbers in effect at the time of the defendant's hearing.

to afford mitigating factor (1) little weight was appropriate in light of this Court's holding that this factor is generally entitled to little weight. See, e.g., State v. Haley B. Upchurch, No. M2001-03170-CCA-R3-CD, 2002 WL 31014840, at *1 (Tenn. Crim. App. at Nashville, Sept. 9, 2002). Moreover, the police discovered the defendant with marijuana in his possession while he was sitting in the driver's seat of his parked vehicle, a circumstance that tends to bolster the trial court's decision to afford this factor little weight. Regarding the trial court's decision to afford the defendant's honorable military discharge little weight, the trial court was not required to consider the defendant's honorable discharge as a mitigating factor and therefore did not err by considering the factor but giving it little weight. See State v. Ronald Collier, No. 02C01-9402-CC-0029, 1994 WL 542973, at *3 (Tenn. Crim. App. at Jackson, Oct. 5, 1994) ("[T]his Court has not yet held that the recognition of an honorable discharge as a mitigating factor is mandatory.").

Finally, the defendant argues that the trial court failed to consider his work history as an applicable non-statutory mitigating factor. See State v. Kelley, 34 S.W.3d 471, 483 (Tenn. Crim. App. 2000). The trial court found that the defendant had a good work history, as opposed to an excellent work history, and therefore stated that the "excellent work history" mitigating factor did not apply to the defendant's case. While a "good" work history is sufficient to allow mitigation of a defendant's sentence, the weight afforded to the factor may be "relatively slight." See State v. Jonathan D. Rosenbalm, No. E2002-00324-CCA-R3-CD, 2002 WL 31746708, at *10 (Tenn. Crim. App. at Knoxville, Dec. 9, 2002). Therefore, although the trial court could have decreased the defendant's sentence by applying this factor, we infer that the court would have given the factor little weight based on its discussion of the factor on the record.

In sum, we find that the defendant's sentence of split-confinement is supported by the application of the enhancement and mitigating factors outlined above.


## **Conclusion**


The judgment of the trial court is AFFIRMED.


_____
JERRY L. SMITH, JUDGE