IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 29, 2014

## STATE OF TENNESSEE v. RUDY VINCENT DUNN

**Appeal from the Circuit Court for Marshall County**
**No. 2013-CR-101      F. Lee Russell, Judge**

---

**No. M2014-00076-CCA-R3-CD - Filed November 20, 2014**

---

Appellant, Rudy Vincent Dunn, entered a plea without a recommended sentence to one count of possession of not less than one-half ounce nor more than ten pounds of marijuana with intent to sell or deliver, a Class E felony. Following a separate sentencing hearing, the trial court sentenced him to serve one year and ninety days in confinement. In this appeal, appellant challenges the trial court's denial of his request for alternative sentencing. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT H. MONTGOMERY, JR., JJ., joined.

Donna Orr Hargrove, District Public Defender, Lewisburg, Tennessee; Michael J. Collins (at plea hearing and on appeal), Assistant District Public Defender, Shelbyville, Tennessee; and Andrew Jackson Dearing III (at plea hearing), Assistant District Public Defender, Lewisburg, Tennessee, for the appellant, Rudy Vincent Dunn.

Herbert H. Slatery III, Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Robert James Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

At the guilty plea submission hearing, the State submitted that a confidential informant working with the drug task force in Marshall County provided information to them

with regard to appellant's offer to sell marijuana to the informant. After the arrangements between the informant and appellant were finalized, the drug task force set up several mobile surveillance vehicles to enable them to follow appellant to the location of the transaction. While watching appellant's vehicle, officers observed him throw an object from the window that was "consistent with a blunt." Officers conducted a traffic stop, and upon perceiving the "overwhelming smell of raw marijuana coming from the car," they searched the vehicle and recovered one pound of marijuana.

At the sentencing hearing, the State introduced the presentence report and a certified copy of a judgment for possession of heroin. The parties agreed that appellant should be sentenced as a Range I, standard offender. The State called Crystal Gray, the probation officer who prepared the presentence report, as a witness. She testified that appellant had been evasive about his prior criminal record and that he had mischaracterized the circumstances and disposition of his previous drug charge. Appellant had also offered an explanation for a prior charge of burglary, stating that he had been "in the wrong place at the wrong time" with his cousin and a friend. Appellant reported that he smoked marijuana weekly and that he had smoked it after his guilty plea submission hearing.

Appellant called Alyssa Johnson, a minister at the jail in Davidson County, as a witness. Ms. Johnson was acquainted with appellant through her daughter, who was dating appellant at the time. She stated that when she first met appellant, he was "under the bridge feeding homeless people." She was impressed by his appearance when she met him because he was "professional looking" and did not "look like the baggy pants." She described appellant as being a hard worker and a good person. Ms. Johnson stated that appellant also helped care for her grandchildren. She believed that appellant had a supportive network of people who would help him succeed on probation, and she asked the court for leniency.

Pastor Robert L. Collins, Jr., was appellant's next witness. Pastor Collins was appellant's brother-in-law and had known him since he was seven years old. He reported that appellant had attended his church in Michigan, and when they moved to the Nashville area, appellant was one of his parishioners and participated in youth group activities. Pastor Collins indicated that appellant had two biological children who did not reside with him and that he had taken the "full responsibility" of being a father to his fiancee's four children by supporting them and raising them as his own. Pastor Collins described appellant as the "hardest worker" he knew. He asked the court for leniency and said that he would support appellant "in every way."

Appellant also offered into evidence a letter from his sister, and he further noted the presence of several other family members in the courtroom. He then testified on his own behalf. He explained that he was evasive with Ms. Gray during his interview because

another attorney had told him that nothing appeared on his criminal history, likely because appellant was sixteen years old when the heroin conviction occurred. He stated that he had been with friends and that the drugs were found in the same general area, so he was arrested and later convicted of possession of heroin. With respect to the charge of possession of marijuana with intent to sell or deliver for which he was in court, appellant stated that his former supervisor called and asked him to deliver the marijuana to him and that in doing so, appellant "made a bad mistake." Appellant said he was promised $75 for his participation.

Appellant said that if he were granted probation, he would not smoke marijuana. He explained that after he pleaded guilty, no one informed him that he could not continue to smoke. He said that he had been employed in the area of finance for over twenty years and that if he were sentenced to prison, he would never be able to work in that field again.

On cross-examination, appellant testified that he was "fronted" the marijuana and was to collect the money and pay the person following the transaction. He declined to give the person's name and telephone number and said that he did not wish for anyone else to get into trouble because he was "responsible for making this mistake."

In determining appellant's sentence, the trial court considered the requisite factors under the Sentencing Reform Act. The court found that appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). It also found, but attributed very little weight to, the fact that appellant's actions neither caused nor threatened serious bodily injury to others. *Id.* § 40-35-113(1). Thus, the trial court imposed a sentence of one year and ninety days. With regard to alternative sentencing, the trial court noted appellant's lack of candor with the probation officer and the court. It concluded that appellant's potential for rehabilitation was "very limited without his serving a significant part of his time."

## II. Analysis

Appellant's sole issue in this appeal is whether the trial court erred in denying his request for alternative sentencing.[1]

---

[1] We note that in his brief, appellant specifically argued that he was a candidate for community corrections. However, he did not advance this argument in the trial court. He merely requested alternative sentencing or "some sort of split sentence." It is well-settled that an appellant may not advocate a different or novel position on appeal. *State v. Leach*, 148 S.W.3d 42, 55 (Tenn. 2003). Accordingly, we limit our review to the position advanced by appellant in the trial court.

## A. Standard of Review

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). The denial of an alternative sentence is presumptively reasonable as long as the denial "reflect[s] a decision based upon the purposes and principles of sentencing." *Id.* This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

We begin with the proposition that a defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* Tenn. Code Ann. § 40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D, or E felony is considered to be a favorable candidate for alternative sentencing in absence of evidence to the contrary. *See* Tenn. Code Ann. § 40-35-102(6). "A court shall consider, but is not bound by, this advisory sentencing guideline." *Id.* The trial court must automatically consider probation as an alternative sentence for eligible defendants, but the defendant bears "the burden of establishing suitability for probation." Tenn. Code Ann. § 40-35-303(b). This burden includes demonstrating that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *Carter*, 254 S.W.3d at 347 (quoting *State v.*

*Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A trial court should base its decision regarding any sentence involving confinement on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Furthermore, the trial court should examine the defendant's potential for rehabilitation or lack thereof when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5).

Based on the facts before us, we cannot conclude that the trial court abused its discretion in denying appellant's request for alternative sentencing. Although not significant in relative terms, appellant had a prior conviction for a drug-related offense. He also continued to smoke marijuana even after pleading guilty to the offense in this case. The trial court emphasized appellant's lack of candor with both Ms. Gray and the trial court with regard to the prior conviction. Appellant attempted to excuse his failure to disclose the prior conviction during his interview with Ms. Gray on the basis that a prior attorney had informed him that the conviction was not reflected on his criminal history. As noted above, an appellant's potential for rehabilitation is a factor to be considered in granting or denying probation. "Candor is a relevant factor in assessing a defendant's potential for rehabilitation, *see State v. Dowdy*, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994), and the lack of candor militates against the grant of probation." *State v. Souder*, 105 S.W.3d 602, 608 (Tenn. Crim. App. 2002) (citing *State v. Kendrick*, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999)); *see also United States v. Grayson*, 438 U.S. 41, 50 (1978) (stating that lack of truthfulness is probative on the issue of amenability to rehabilitation, which is the impetus behind probation); *State v. Neeley*, 678 S.W.2d 48, 49 (Tenn. 1984) (noting that a defendant's untruthfulness is a factor that may be properly considered in determining the appropriateness of probation). We also note that appellant was further evasive in declining to provide

information to assist law enforcement's investigation by withholding the name and telephone number of the person who "fronted" him the large amount of marijuana he was transporting.

In sum, appellant has failed to demonstrate that granting him alternative sentencing would subserve the ends of justice or the best interests of society or himself. *See Carter*, 254 S.W.3d at 347. To the contrary, the trial court concluded that due to appellant's lengthy history of drug use, his potential for rehabilitation would be "very limited" if appellant did not serve a substantial portion of his sentence. The trial court did not abuse its discretion in denying appellant's request for alternative sentencing.

## CONCLUSION

Based on our review of the record, the briefs of the parties, and the applicable legal authority, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE