# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 2000 Session

## STATE OF TENNESSEE v. ORLANDO WARD

**Appeal from the Criminal Court for Shelby County**
**No. 99-06378     W. Fred Axley, Judge**

---

### No. W1999-00609-CCA-R3-CD - Decided August 25, 2000

---

Undercover police officers arrested defendant and recovered 2.7 grams of cocaine from his vehicle. Defendant was indicted for possession of cocaine with intent to sell or deliver, a Class C felony. He entered a plea of guilty to the lesser offense of attempt to commit possession of cocaine with intent to sell or deliver, a Class D felony. As a part of the negotiated plea agreement defendant agreed to a sentence of two (2) years as a standard offender. The manner of service was left for determination by the trial court. Defendant now appeals the trial court's finding that he should serve his sentence without the opportunity for alternative sentencing. We affirm the judgment of the trial court.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which DAVID H. WELLES, J. and ALAN E. GLENN, J., joined.

Arch B. Boyd, III, for the appellant, Orlando Ward.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General, William L. Gibbons, District Attorney General, Edgar A. Peterson, IV, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 18, 1998, defendant was arrested in Shelby County and charged with the offense of possession of a Schedule II controlled substance with intent to manufacture, deliver or sell. As summarized in the presentence report, the evidence in the case is as follows:[1]

> Officers K. Paul and R. Covington were riding undercover and heard the dispatcher
> put out a call to 1257 McLemore regarding a drug transaction involving the owner

---

[1]The only testimony offered at the sentencing hearing came from the defendant. Although he was questioned about his knowledge of the cocaine found in his glove compartment, he was never asked to provide a narrative statement about the facts.

of the club and owner of a black utility vehicle dealing drugs. Officers arrived at the scene and located a black utility vehicle. Officers pulled over on Wilson Street and watched the business at 1257 E. McLemore, until defendant Orlando Ward came out of 1257 E. McLemore, got into the black utility vehicle and drove east on McLemore than north on Wilson where he was pulled over. After he made a quick left turn in front of another vehicle westbound on McLemore. After the defendant saw a marked squad car pulled in front of the business. Officers spoke with defendant and obtained a consent to search the defendant's vehicle where officers recovered a plastic bag containing what appeared to be powder cocaine, in the left hand glove, in the glove compartment of the defendant's vehicle. Lt. D. Aldridge 406D made the scene and advised. Defendant was arrested and $4641 was tagged along with the consent to search at the property and evidence room. The powder substance tested positive as cocaine at the Property and Evidence room and weighed 2.7 TGW grams.

K. Paul
Affiant
MPD

**DEFENDANT'S VERSION**

Mr. Ward explained that every Friday, he leaves the pool hall at 5:30 PM to pick up his son, Keith, at 6:00 PM. On the day of this arrest, he had left the pool hall to get his son. He turned left off McLemore onto Wilson. He observed an unmarked police car turn on its lights and he pulled over. The police officer came to the driver's side door and asked if his name was Kenny Brown. Mr. Ward denied that he was Kenny Brown. The police officer then asked Mr. Ward to walk to the rear of the police car, which he did. While he was at the rear of the police car providing identification, the other police officer was inside Orlando's car. The police officer that was inside his car opened the console, retrieved about $4,000 and asked Mr. Ward why he had so much money. Mr. Ward explained that he owned a business and was on his way to purchase a car. The same police officer then went to the other side of the truck and opened the glove compartment. Mr. Ward was then told to come and watch what the officer was doing. The contents of the glove compartment were being emptied and, in the process of being replaced, the officer found cocaine in the thumb of a glove. The police officer began asking defendant for information about the "big fish". Mr. Ward denies knowledge of any cocaine in his car, but did acknowledge that the glove was his.

On August 26, 1999, defendant entered a plea of guilty to the lesser offense of attempt to commit possession of a controlled substance with intent to sell or deliver, a Class D felony. He agreed to a sentence of two (2) years as a Range I standard offender. Issues pertaining to alternative sentencing were reserved to be determined by the trial court after a hearing.

On September 20, 1999, the trial court conducted a hearing on the request for alternative sentencing. The defendant testified in his own behalf. The court also considered the information provided in the presentence report. At the conclusion of the hearing the trial court found that probation was inappropriate. Defendant was ordered to serve his two (2) year sentence.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401 (d). This presumption is, however, "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W. 2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statements that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§40-35-102, -103, and -210; See *State v. Smith*, 735 S.W. 2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify this sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991).

Defendant contends that he should have received alternative sentencing. Because he was convicted as a standard offender of a Class D felony, he is entitled to the presumption of an alternative sentence. See *State v. Bonestel*, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); Tenn. Code Ann. §40-35-102(5) and (6). However, the burden of establishing suitability for probation rests with the defendant. Tenn. Code Ann. §40-35-303(b). The statutory presumption of an alternative sentence may be rebutted by "evidence to the contrary". See Tenn. Code Ann. §40-35-102(6).

Among the factors applicable to an application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). Alternative sentencing issues must be determined by the facts and circumstances of the individual case. *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986). "Each case must be

bottomed upon its own facts". *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Because sentencing requires an individualized, case by case approach, the method of analysis will necessarily embody the exercise of discretion at the trial court level. *State v. Fletcher*, 805 S.W.2d 785 (Tenn. Crim. App. 1991). "It is not the policy of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers. *Ashby*, 823 S.W.2d at 171." (quoting *Moten v. State*, 559 S.W.2d 770, 773 (Tenn. 1977)).

Defendant emphasizes that he has full-time employment with the City of Memphis, where he has been a crew chief and acting supervisor for sixteen (16) years. He regularly pays child support for his two children by a previous marriage and a third child from a previous relationship. He sees all of his children regularly. He is purchasing a home. He attends church regularly where is a member of the male chorus, the mass choir, and the youth ministry.

The trial court expressed concern about defendant's credibility, his amenability to rehabilitation, and the nature of the offense. The amount of cocaine in the defendant's possession at the time of his arrest was significant - 2.7 grams. He also had over $4,600.00 in cash. However, defendant continued to deny that he had been involved in a drug transaction. He initially denied <u>any</u> knowledge about the cocaine found in his glove compartment. The trial court noted that the defendant had been convicted several years earlier of a drug offense involving marijuana. In that case defendant was allowed to plead down from a felony to a misdemeanor offense, and was given probation. However, defendant continued to use drugs for at least some period of time after his first conviction.

A lack of candor, bearing upon the defendant's amenability to probation, is a basis for denying probation. *State v. Neely*, 678 S.W.2d 48, 49 (Tenn. 1984); *State v. Byrd*, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993). Similarly, a defendant's untruthfulness is a factor that can be considered. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). Based on the inconsistency of defendant's explanation of the events leading up to his arrest, and the reasons he gave for his possession of a large amount of cash and cocaine, the trial court acted within its discretion in determining that he lacked credibility and was untruthful.

The trial court also properly considered the circumstances of the offense actually committed, rather than the lesser offense to which he plead. See *State v. Ford*, 643 S.W.2d 913, 915 (Tenn. Crim. App. 1982). At the time of his arrest defendant was in possession of a large amount of cocaine, 2.7 grams, and over $4,600.00 in cash.

Finally, defendant's prior criminal record and activity did not suggest he was truly amenable to rehabilitation. Defendant had one prior drug-related conviction. He admitted to prior abuse of marijuana and cocaine, and at least one relapse after initially seeking treatment.

Evidence to rebut the presumption of suitability for alternative sentencing having been introduced, the defendant has failed to carry his burden of showing that he is entitled to alternative sentencing. The judgment of the trial court is affirmed.

-4-

_____

CORNELIA A. CLARK, SPECIAL JUDGE