IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. DAVID WAYNE OSBORNE

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S43,429 and S43,430     Phyllis H. Miller, Judge**

_____

**No. E2000-03086-CCA-R3-CD**
**July 31, 2001**
_____

The Defendant pled nolo contendere to one count of felony child neglect, one count of possession of drug paraphernalia, one count of possession of marijuana, and two counts of public intoxication. At issue in this appeal is the sentence for felony child neglect, a Class D felony for which the Defendant received a two-year Community Corrections sentence. Subsequently, based upon a warrant alleging that the Defendant had violated the terms and conditions of his Community Corrections sentence, the trial court revoked the Defendant's Community Corrections sentence and increased his original sentence from two years to four years, to be served with the Tennessee Department of Correction. In this appeal, the Defendant argues that the trial court improperly enhanced his two-year sentence for felony child neglect to four years and that the court erred by failing to impose some form of alternative sentencing. We conclude that the trial court properly increased the length of the Defendant's sentence from two to four years and that the Defendant's prison sentence was properly imposed. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Julie A. Rice (on appeal), Knoxville, Tennessee; and Leslie Hale (at trial), Blountville, Tennessee, for the Appellant, David Wayne Osborne.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussman, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray-Smith, Assistant District Attorney General; for the Appellee, State of Tennessee.

**OPINION**

On December 15, 1999, the Defendant was indicted by the Sullivan County Grand Jury for two counts of public intoxication, one count of possession of marijuana, one count of possession of drug paraphernalia, and one count of felony child neglect. On March 8, 2000, the trial court accepted

pleas of nolo contendere by the Defendant to each charge. On May 4, 2000, following a sentencing hearing,[1] the trial court sentenced the Defendant to eleven months and twenty-nine days probation for possession of drug paraphernalia; thirty days probation for both convictions of public intoxication; eleven months and twenty-nine days probation for possession of marijuana; and two years for felony child neglect. The two-year sentence for felony child neglect contained a provision whereby the Defendant was ordered to serve one hundred and twenty days "day for day" in the county jail, with the balance to be served on Community Corrections. In addition, the trial court ordered that the Defendant continue drug and alcohol treatment, submit to random drug screens, complete parenting classes, not use or possess alcoholic beverages, not use illegal drugs, and maintain full-time employment.

On May 30, 2000, the trial court amended the "day for day" provision of the judgment to allow the Defendant to serve periodic confinement in conjunction with his job. On June 16, 2000, the trial court allowed an amended periodic confinement schedule for the Defendant. Subsequently, the Defendant filed a petition for early release, which the trial court denied on July 10, 2000. On September 5, 2000, presumably after the Defendant had served the one hundred and twenty days split-confinement portion of his sentence, the trial court entered an order setting forth the terms and conditions of the Community Corrections sentence.

On November 6, 2000, a warrant was issued against the Defendant, in which it was alleged that the Defendant had violated two rules of Community Corrections. First, it was alleged that the Defendant had violated a Community Corrections rule prohibiting the use of intoxicants, by allegedly possessing alcohol on October 6, 2000 and on November 3, 2000. Second, it was alleged that the Defendant had violated another Community Corrections rule by leaving the John R. Hay House, a treatment facility, without permission. The warrant was served on the Defendant on November 6, 2000, and the trial court conducted a hearing on November 30, 2000. At the conclusion of the hearing, the trial court revoked the Defendant's Community Corrections sentence and imposed a sentence of four years with the Tennessee Department of Correction for the felony child neglect conviction.

## ANALYSIS

In this appeal, the Defendant does not challenge the trial court's revocation of his Community Corrections sentence, but he does challenge the trial court's enhancement of the length of his sentence from two years to four years for the felony child neglect conviction. He also challenges the trial court's unwillingness to consider an alternative sentence.

The Defendant insists that the trial court erred when it increased the length of his sentence from two years to four years upon revoking his Community Corrections sentence. The Defendant does not contest the validity of the trial court's revocation of his Community Corrections sentence. Nor does he contest the trial court's authority generally to increase the length of a revoked

---

[1] A transcript of the sentencing hearing was not made part of the record on appeal.

Community Corrections sentence up to the maximum sentence within the appropriate sentence range for the offense. See Tenn. Code Ann. § 40-36-106(e)(2).

Our analysis begins with well-settled principles that govern our review of a sentence determination imposed under the Criminal Sentencing Reform Act of 1989. When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123. However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

## A.  LENGTH OF SENTENCE

The Defendant first contests the length of his sentence. In sentencing the Defendant, the trial court applied enhancement factor (1), that "[t]he [D]efendant has a previous history of criminal convictions or criminal behavior"; enhancement factor (4), that "[a] victim of the offense was particularly vulnerable because of age"; enhancement factor (8), that "[t]he [D]efendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community"; and enhancement factor (15), that "[t]he [D]efendant abused a position of public or private trust . . . ." Tenn. Code Ann. § 40-35-114(1), (4), (8), (15). Thus, the trial court found that four enhancing factors applied in sentencing the Defendant. Additionally, the trial court found that no mitigating factors applied.

We agree with the trial court concerning each of the enhancement factors applied in this case. The record does indicate that the Defendant has a previous history of criminal convictions or criminal behavior, that he has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, and that he abused a position of private trust in the neglect of his two-year-old daughter. The trial court considered and rejected each of the mitigating factors proposed by the Defendant and found no other mitigating factors. The trial court's findings in this regard are adequately supported by the record, and we will not disturb those findings on appeal.

With regard to the Defendant's argument that the trial court improperly applied Tennessee Code Annotated § 40-35-114(4), regarding the particular vulnerability of the victim, we conclude that the trial court should not have applied this factor solely on the basis of the victim's age because the victim's age is an element of the offense of felony child neglect. Nevertheless, we conclude that the trial court properly enhanced the Defendant's sentence based upon enhancement factor (4). In this case, the two-year-old victim was clearly particularly vulnerable because of her natural physical and mental limitations. The trial court properly found that the two-year-old baby could not resist the crime, summon help, or testify at a later date. The victim was totally dependent on the Defendant for her care. Thus, we agree with the State that the trial court did not err when it applied this factor to enhance the Defendant's sentence.  See State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993).

## B.  ALTERNATIVE SENTENCING

The Defendant next contends that the trial court should have granted him some form of alternative sentencing. Tennessee Code Annotated § 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The Defendant, as a standard offender convicted of a Class D felony, is presumed to be a favorable candidate for alternative sentencing.

However, all offenders who meet the criteria are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated § 40-35-103(5), which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). A lack of candor or untruthful testimony reflects poorly upon a defendant's potential for rehabilitation and therefore may be a proper basis for the denial of probation. State v. Neely, 678 S.W.2d 48, 49 (Tenn. 1984); State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); State v. Byrd, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993).

The trial court stated on the record its reasons for denying an alternative sentence in this case. The trial court found that the Defendant lacked candor and credibility and thus that he had little or

no potential for rehabilitation. The trial court was certainly in a better position than this Court to assess the candor and credibility of the Defendant, and our review of the record supports its findings in this regard. The trial court properly applied this consideration in denying an alternative sentence. Additionally, it is abundantly clear from the record that measures less restrictive than confinement had recently been applied unsuccessfully to this Defendant. See Tenn. Code Ann. § 40-35-103(1)(C). This factor was also properly applied by the trial court in imposing a sentence of incarceration.

Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE