IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. SHERRIE MAE CRAWFORD

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S45,578; S45,579; and S45,580      Phyllis H. Miller, Judge**

---

**No. E2002-01292-CCA-R3-CD**
**December 11, 2002**

---

Pursuant to a plea agreement, the Defendant pled guilty to theft under $500 and to violating an habitual traffic offender order. She entered Alford pleas to possession of marijuana with intent to sell, possession of drug paraphernalia, and two counts of contributing to the delinquency of a minor. Her total effective sentence was two years as a Range I standard offender plus eleven months and twenty-nine days on supervised probation. The manner of service of the two-year sentence was to be determined by the trial court following a sentencing hearing. The trial court denied alternative sentencing and ordered the Defendant to serve the entire two years in the Tennessee Department of Correction. In this appeal, the Defendant argues that the trial court erred in failing to impose an alternative sentence. Concluding that the record supports the trial court's denial of alternative sentencing, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); and Leslie S. Hale, Assistant Public Defender, Blountville, Tennessee (at trial), for the appellant, Sherrie Mae Crawford.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, II, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Background

The Defendant was indicted by the Sullivan County Grand Jury for operating a motor vehicle while a judgment declaring the Defendant to be an habitual traffic offender was in effect, possession with intent to sell 64.6 grams of marijuana, possession of drug paraphernalia, two counts of

contributing to the delinquency of a minor, and theft under $500. Pursuant to a plea agreement, the Defendant entered a guilty plea to theft under $500 and received a sentence of eleven months and twenty-nine days on probation. The Defendant entered an Alford[1] plea and received a sentence of one year for the possession with intent to sell marijuana conviction, along with concurrent sentences of eleven months and twenty-nine days for the possession of drug paraphernalia conviction and for each of the contributing to the delinquency of a minor convictions. The Defendant entered a guilty plea and received a one year sentence for the violation of the habitual traffic offender order, to be served consecutively to the other sentences. Thus, the Defendant received an effective sentence of two years, with the trial court to determine the manner of service of those two years, plus an additional eleven months and twenty-nine days on probation for the theft under $500 conviction.

The transcripts of the plea hearing and the sentencing hearing, together with the technical record, indicate that the Defendant shoplifted a camera and a pack of cigarettes from Wal-Mart on February 12, 2001. On February 14, 2001, the Defendant was arrested in a hotel room in Kingsport, Tennessee, and charged with possessing 64.6 grams of marijuana with the intent to sell, along with drug paraphernalia. The presence of two minor children of the Defendant at the scene resulted in the two charges of contributing to the delinquency of a minor. On February 19, 2001, the Defendant's week of criminal activity culminated in her arrest for operating a motor vehicle while a judgment declaring her to be an habitual traffic offender was in effect. At the sentencing hearing, the Defendant admitted that she was driving, but explained that she was initially a passenger and was required to drive when it became apparent that her father was driving the vehicle under the influence of alcohol. The Defendant candidly admitted that she stole the camera and cigarettes from Wal-Mart, but denied ownership of the marijuana, claiming that it actually belonged to her "charge partner," Jimmy Adams.

Following a sentencing hearing, the trial court denied alternative sentencing and ordered the Defendant to serve the two year sentence in the Tennessee Department of Correction. This appeal ensued. After a careful review of the record, we conclude that the trial court committed no errors in sentencing the Defendant, and thus affirm the judgments of the trial court.

## II. Analysis

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the

_____

[1]In entering an Alford plea, a defendant "faced with strong evidence of guilt and no substantial evidentiary support for [his] claim of innocence" may refrain from admitting his culpability and accept a sentence. North Carolina v. Alford, 400 U.S. 25, 91 (1970).

review of the sentence is purely <u>de novo</u>.  <u>State v. Shelton</u>, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); <u>State v. Williams</u>, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c).  If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors.  <u>Id.</u> § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge.  <u>Shelton</u>, 854 S.W.2d at 123.  However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act.  <u>State v. Moss</u>, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence.  Tenn. Code Ann. § 40-35-209(c).  The record should also include any enhancement or mitigating factors applied by the trial court.  <u>Id.</u> § 40-35-210(f).  Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record.  The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review.  <u>State v. Ervin</u>, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result."  <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).  The defendant bears the burden of showing the impropriety of the sentence imposed.  <u>Ashby</u>, 823 S.W.2d at 169.

Specifically, the Defendant argues that she should have been granted some form of alternative sentencing.  Tennessee Code Annotated § 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and

evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The Defendant, as a standard offender convicted of two Class E felonies, is presumed to be a favorable candidate for alternative sentencing.

However, all offenders who meet the criteria are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing Moss, 727 S.W.2d at 235). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated § 40-35-103(5), which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5); see also State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

In addition to arguing that she should receive a Community Corrections sentence, the Defendant argues that she should have been granted probation. In determining whether to grant or deny probation, the trial court may consider the circumstances of the offense; the defendant's criminal record, background and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The Defendant bears the burden of establishing suitability for probation. Tenn. Code Ann. § 40-35-303(b); Ashby, 823 S.W.2d at 169.

In sentencing the Defendant, the trial court considered the Defendant's prior criminal record, which is extensive in this case. See Tenn. Code Ann. § 40-35-114(2) (Supp. 2002). Additionally, the trial court found that the Defendant acted as a leader in the commission of these offenses, that she has a previous history of unwillingness to comply with conditions of a sentence involving release in the community, that she abused a position of private trust in exposing her minor children to the marijuana, and that the Defendant had failed to pay administrative fees. Id. § 40-35-114(3), (9), (16), and (22) (Supp. 2002). The trial court also noted that the Defendant was a favorable candidate for alternative sentencing, and found in mitigation that the Defendant's conduct neither caused nor threatened serious bodily harm, and that the Defendant assisted the authorities in locating or recovering any property involved in the crime. Id. § 40-35-113(1) and (9). The trial court expressed concern regarding the Defendant's truthfulness. The Tennessee Supreme Court has held that a defendant's lack of candor or untruthfulness reflects poorly on a defendant's potential for rehabilitation and thus supports the denial of probation. See State v. Neely, 678 S.W.2d 48, 49 (Tenn. 1984); see also State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996). The trial court also determined that the Defendant had failed to take responsibility for her actions. Our supreme court has held that a defendant's failure to acknowledge culpability for his or her actions may also support a finding that a sentence of confinement is necessary to avoid depreciating the seriousness of an offense. See State v. Gutierrez, 5 S.W.3d 641, 647 (Tenn. 1999); see also State v. Thomas Wayne Shields, No. W2000-01524-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 18, at *27 (Tenn. Crim. App., Jackson, Jan. 4, 2000); State v. Donald Paul Presley, No. E2000-00592-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 629, at *24 (Tenn. Crim. App., Knoxville, Aug. 14, 2001).

Because the trial court thoroughly considered the sentencing principles and all relevant facts and circumstances, our review in this case is de novo with a presumption of correctness. After a careful review, we conclude that the record supports the sentence imposed and that the presumption of alternative sentencing was sufficiently rebutted in this case.

Accordingly, we AFFIRM the judgments of the trial court.

 

_____
ROBERT W. WEDEMEYER, JUDGE